# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Pipe Trades Services of Minnesota, Inc., a Minnesota non-profit corporation, and the Trustees of the Plumbers and Pipefitters National Pension Fund,

Plaintiffs,

v.

Lake City Mechanical, Inc., a Minnesota corporation,

Defendant.

Civil Action No. _____

**COMPLAINT**

Plaintiffs, as and for their Complaint against the Defendant, state and allege as follows:

## INTRODUCTION

1. This action is brought pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA") to collect unpaid employee fringe benefit contributions owed by the Defendant and to enforce other obligations of the Defendant under ERISA and under the terms of a collective bargaining agreement to which the Defendant is bound.

## PARTIES

2. Plaintiff Pipe Trades Services of Minnesota, Inc. ("PTSMN") is a Minnesota non-profit corporation, with its principal place of business in St. Paul, Minnesota. Pursuant to written agreements, PTSMN is, among other things, responsible for collecting, including by pursuing actions like the present one, fringe benefit contributions owed by

employers to certain nonprofit tax-exempt employee fringe benefit plans, commonly and collectively referred to as the "Pipe Trades Services MN Fringe Benefit Funds" (referred to herein as the "PTSMN Funds"). The PTSMN Funds were established to provide pension, health, disability, death and other fringe benefits to employees who perform work under the jurisdiction of various local unions of the United Association of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, including Local Union No. 15 Minneapolis and St. Cloud ("Local 15").

3. Plaintiff Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension") are fiduciaries under ERISA designated by a trust agreement and the collective bargaining agreements to, among other things, receive and collect, including by pursuing actions like the present one, fringe benefit contributions owed to the National Pension for work performed under the jurisdiction of the various local unions, including Local 15.

4. The PTSMN Funds and the National Pension (collectively the "Trust Funds") are multi-employer, jointly-trusteed, fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. §186(c)(5), and are "multi-employer plans" as defined at 29 U.S.C. §1002(37)(A), which is part of ERISA. Two funds for which the PTSMN collects contributions, the "Working Fund" and the "Industry Fund", may not be "multi-employer plans" and as to these funds the PTSMN, as stated below, requests that the court take supplemental jurisdiction over the claim for amounts owed to these funds.

5. The PTSMN and, as noted above, the Trustees of the National Pension are fiduciaries under ERISA as defined in 29 U.S.C. §1002(21) and are authorized to commence this action under 29 U.S.C. §1132, including subsections (e)(1) and (g)(2), on behalf of the Trust Funds.

6. Defendant Lake City Mechanical, Inc. ("Lake City") is a corporation organized and existing under the laws of the State of Minnesota, having a registered address at 7100 Medicine Lake Rd, #117, Crystal Lake, Minnesota 55427.

## JURISDICTION

7. This court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e). Subject matter jurisdiction is also conferred by Section 301 of the LMRA, 29 U.S.C. §185, and also by 28 U.S.C. §1331. To the extent the court does not have original jurisdiction over a claim of breach for amounts owed to a particular fund, PTSMN requests that the court take supplemental jurisdiction over such claims pursuant to 28 U.S.C. §1367(a).

8. Venue of this action in this district is proper pursuant to 29 U.S.C. §1132(e)(2) (§502(e)(2) of ERISA), insofar as the Trust Funds are administered in this district, the breaches set out herein occurred in this district, and Lake City resides in this district.

## ALLEGATIONS

### Agreements Obligating Lake City to Pay Fringe Benefits

9. The Trust Funds are established to provide pension, health, and other benefits to individuals performing labor in the trades, or to the eligible dependents of such individuals, that are under the jurisdiction of Local 15, or other U.A. local unions, and who

work for employers that are bound to a collective bargaining agreement with Local 15, or other U.A. local unions.

10. On November 23, 2016, Lake City signed an "Independent Contractor Agreement" with Local 15, under which Lake City agreed to be bound to and abide by all the terms and conditions of the *Working Agreement* between Local 15 and the Minnesota Mechanical Contractors Association effective May 1, 2015 through April 30, 2018, and automatically extended for additional one year terms unless notice is given as provided in the agreement ("CBA"). Also on November 23, 2016, Lake City signed a "Plumbers and Pipefitters National Pension Fund Revised Standard Form of Participation Agreement" ("Participation Agreement"), that was expressly made a part of the CBA and that expressly obligated Lake City to make contributions to the National Pension Fund. The CBA expressly provides that Lake City is subject to the terms of the trust agreements establishing the Trust Funds.

11. Pursuant to 29 U.S.C. §1145, every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

12. The CBA requires that each and every month Lake City submit fringe benefit contribution reports and pay the fringe benefit contributions owed to the Trust Funds for each hour worked in the immediately preceding month by all employees covered by the CBA. For the PTSMN Funds, the reports and fringe benefit contributions are due on or before the 15th day of the month. For the National Pension, the reports and fringe benefit

contributions are due on the 20th day of the month. An employer who fails to timely report and pay fringe benefit contributions is referred to as "delinquent."

11. Pursuant to 29 U.S.C. §1132(g)(2)(C), 29 U.S.C. §1145, and the CBA, if Lake City failed to timely report and pay fringe benefit contributions, then, in addition to those contributions, Lake City became obligated to pay Plaintiffs, among other things, interest on the unpaid contributions, plus an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages in an amount of ten percent (10%) of the unpaid contributions. Pursuant to the CBA, as to the PTSMN Funds, if contributions are not paid within five (5) days of the due date the employer is obligated to pay a liquidated damages assessment of three percent (3%) of the contributions owed, and if contributions are still not paid within ten (10) days of the due date then the liquidated damages assessment increases to ten percent (10%). As to the National Pension, if the contributions are not received by the deadline the employer is automatically assessed ten percent (10%) of the contributions owed as liquidated damages. Lake City has not paid any of the delinquent contributions set out herein and, therefore, a ten percent liquidated damages assessment applies to all such contributions.

**Lake City Fails to Pay Fringe Benefit Contributions**

12. On or about April 6, 2018, consistent with the requirements of the CBA, a payroll audit of Lake City's books and records was conducted on behalf of the PTSMN by the Wilson-McShane Corporation (the "Audit"). The Audit covered the time period of January 1, 2017 to April 6, 2018, and related to fringe benefit obligations owed to the PTSMN Funds.

13. The Audit resulted in a finding that Lake City was delinquent in that it had underreported and failed to pay fringe benefit contributions as required by the CBA relating to hours worked by covered employees during the Audit time period. The Audit resulted in a finding that the total amount of base contributions owed, but not paid, by Lake City was $28,881.73 and, further, that liquidated damages were due and owing in the amount of $2,888.17.

14. Separately, as part of the Audit, Wilson-McShane determined that Lake City employees recorded 982.25 hours in covered employment for work in March 2018. Lake City, however, subsequently failed to report those hours to the PTSMN or pay the contributions owed to the PTSMN Funds for those hours. The base contributions owed to the PTSMN Funds, but not paid, by Lake City, for March 2018 hours is $21,950.90 and, further, liquidated damages are now due and owing as a result of the non-payment in the amount of $2,195.09.

15. In addition, Lake City has failed report and to pay amounts due to the National Pension for hours in the months of July, August, October, November and December 2017, and in January, February and March 2018, in the base amount of $9,100.88 and, further, liquidated damages are now due and owing as a result of the non-payment in the amount of $910.00.

16. The total amount of base contributions and liquidated damages known to be due and owing by Lake City to the Plaintiffs is $65,926.68. Despite several demands by both the PTSMN and National Pension, Lake City has not made payment of the amounts

due or submitted the missing monthly reports. Additional amounts may become due or found to be due during the course of this action.

**Payment and Other Obligations Resulting From Lake City's Delinquency**

17. Upon a delinquency and in any action to collect such delinquency, the CBA and applicable law obligate the employer to pay amounts in addition to the fringe benefit contributions due and owing.

18. Pursuant to 29 U.S.C. §1132(g)(2), 29 U.S.C. §1145, and the CBA, as a result of the delinquency the Defendants are required to pay and the Court shall award to Plaintiffs:

   A. The unpaid contributions;

   B. Interest on the unpaid contributions at the rate provided under the plan, or if none, the rate prescribed under 26 U.S.C. §6621;

   C. An amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages of ten percent (10%) of the unpaid contributions;

   D. Reasonable attorneys' fees and costs of this action; and,

   E. Such other legal or equitable relief as the Court deems appropriate.

20. In addition to the relief set forth above, Plaintiffs are entitled, pursuant to 29 U.S.C. §1132(a)(3), to an injunction enjoining any act or practice which violates any provision of subchapter I of ERISA and to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of that subchapter or the terms of

the Trust Fund plan document.

21. Pursuant to the CBA, Lake City, as an employer delinquent in any obligation to the Trust Funds, is now required to post a bond or deposit cash, as approved by and deposited with PTSMN, in an amount to be fixed by PTSMN and sufficient to pay all amounts due and owing to the Trust Funds for at least three (3) months in advance. Further, Lake City is now obligated to pay fringe benefit contributions once a week not later than three (3) days after the end of the week. These additional obligations and requirements are expressly made permanent by the CBA.

## CLAIM FOR RELIEF

22. As set forth above, Lake City has breached the terms and conditions of the the CBA, violated ERISA, and is in default of its obligations to the Trust Funds and to the Plaintiffs, and the Plaintiffs are entitled to the relief demanded below.

23. As a result of Lake City's breach, violations of law and default, the Plaintiffs are entitled to all the relief set forth above and requested below, including, but not limited to, a monetary judgment for the full amount of all unpaid fringe benefit contributions, including any amounts found due and owing through further audit or as a result of any subsequent delinquency, interest on those unpaid contributions as provided in the plan, an additional amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages of ten percent (10%) of the unpaid contributions, reasonable attorneys' fees and costs incurred by the Plaintiffs in pursuing collection, and the posting of a surety bond or cash.

**WHEREFORE**, Plaintiffs respectfully requests that the Court order that judgment be entered as follows:

1. Awarding to Plaintiffs and against the Defendant all unpaid fringe benefit contributions, as set forth in the Audit or otherwise shown as due and owing;

2. Awarding to Plaintiffs and against the Defendant an amount equal to all unpaid fringe benefit contributions due and owing the Trust Funds for work performed, subsequent to the Audit's period and throughout the pendency of this action;

3. Awarding to Plaintiffs and against the Defendant interest on all unpaid fringe benefit contributions;

4. Awarding to Plaintiffs and against the Defendant an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages of ten percent (10%) of the unpaid contributions;

5. Awarding to Plaintiffs and against the Defendant their reasonable attorneys' fees and costs incurred in this action;

6. Ordering Lake City to post with PTSMN a surety bond or cash in an amount sufficient to pay three months of contributions in advance and to begin reporting and paying contributions each and every week, and making each of those obligations permanent; and

7. Granting such other legal or equitable relief as the Court deems appropriate.

|  |  |
|---|---|
|  | **LEONARD, O'BRIEN,** |
|  | **SPENCER, GALE & SAYRE, LTD** |
| Dated: June 6, 2018 | By:    /s Thomas C. Atmore |
|  | Thomas C. Atmore, #191954 |
|  | *tatmore@losgs.com* |
|  | Stacey L. Drentlaw, #285201 |
|  | *sdrentlaw@losgs.com* |
|  | 100 South Fifth Street, Suite 2500 |
|  | Minneapolis, Minnesota 55402 |
|  | Telephone: (612) 332-1030 |
|  | Facsimile: (612) 332-2740 |
|  |  |
|  | ATTORNEYS FOR PLAINTIFFS |